IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOYCE L. JONES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0111-L |
| | § | |
| PERFORMANCE SERVICE | § | |
| INTEGRITY, ET AL. | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM ORDER**

Plaintiff Joyce L. Jones has filed a motion for appointment of counsel in this case brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and Texas law. Although the court has statutory authority to appoint counsel to represent an indigent person in the prosecution or defense of any suit,[1] such authority is typically exercised only in "exceptional cases." *See Jackson v. Dallas Police Department*, 811 F.2d 260, 262 (5th Cir. 1986). Among the factors the court should consider in determining whether to appoint counsel are: (1) the merits of the claim; (2) efforts taken to obtain a lawyer; and (3) the financial ability of the party to retain counsel. *See Gonzales v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990); *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977).

As required by federal law, plaintiff presented her age discrimination claim to the EEOC before filing suit in federal court. The agency investigated the charge, but was unable to conclude that defendant violated the ADEA. (*See* Plf. Resp. to *Spears* Quest. #3(c)). This determination is

---

[1] The relevant statute provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

"highly probative" in deciding whether to appoint counsel in a subsequent judicial proceeding. *See Gonzales*, 907 F.2d at 580; *Caston*, 556 F.2d at 1309. Nor has plaintiff detailed her efforts to hire a lawyer. Although plaintiff has been granted leave to proceed in forma pauperis, that factor, standing alone, does not warrant the appointment of counsel.

Accordingly, plaintiff's motion for appointment of counsel [Doc. #4] is denied without prejudice. Plaintiff may reurge her motion if this case survives dismissal after the court rules on any summary judgment motions.

SO ORDERED.

DATED: May 31, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE