IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOYCE L. JONES**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-0111-L |
| | § | |
| **PERFORMANCE SERVICE INTEGRITY**, and **TEXAS WORKFORCE COMMISSION**, | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendant Policy Studies Inc.'s[1] ("PSI") 12(b)(6) Motion to Dismiss for Failure to State a Claim, filed March 19, 2007; and (2) Defendant Texas Workforce Commission's ("TWC") Motion to Dismiss, filed March 26, 2007. After careful review of the motions, response, replies, and applicable authority, the court **grants** PSI's Motion to Dismiss and **grants** TWC's Motion to Dismiss.

**I.   Factual and Procedural Background**

Plaintiff Joyce L. Jones ("Jones" or "Plaintiff"), appearing *pro se*, filed this action on January 18, 2007, against PSI and TWC (together, "Defendants"). In addition to her original complaint ("Complaint"), Jones filed answers to a magistrate judge's questionnaire ("Questionnaire") and submitted the completed inquiry with relevant attachments ("Inquiry") to the court on February 5, 2007. The Complaint proceeds against Defendants under eight counts, including: (1) violation of

---

[1] Defendant was misnamed in the complaint as "Performance Service Integrity." The clerk of the court is hereby **directed** to correct the name of this defendant on the docket sheet and, in all future filings, the parties are to refer to Defendant Policy Studies Inc. by its correct name.

**Memorandum Opinion and Order - Page 1**

the Age Discrimination in Employment Act ("ADEA"); (2) defamation of character; (3) intentional infliction of emotional distress; (4) "abuse of qualified privileges"; (5) retaliation; (6) "gross management"; (7) "quantitative matters not referenced"; and (8) "unlawful employment practices." Plaintiff's Complaint simply lists these eight causes of action without alleging any facts in support of her claims. Although her Inquiry does provide some additional detail, its specificity is limited.

Jones alleges that she was employed by Affiliated Computer Services, a nonparty to this suit, on or about February 23, 2006, when she applied for a new job with PSI as a Career Specialist. Inquiry (Application for Employment).[2] PSI's job description noted that ideal candidates would have a high school diploma with at least two years experience in a related field of social work, experience in interviewing and employment counseling, and an understanding of the needs of disadvantaged individuals. *Id.* (Job Description). Jones contends that she was adequately qualified for this position, and supports her claim by attaching to the Inquiry her resume and job application, which indicate that Jones possesses a high school diploma, more than eight years of social work experience, and interviewing experience with disadvantaged individuals. *Id*. (Resume and Job Application). Ultimately, PSI declined to offer Jones the job, purportedly because she did not have enough experience. *Id*. (Resp. to Question No. 4). Jones alleges that she was discriminated against based upon her age, then fifty-six, and that PSI in fact hired a younger female instead of Jones. *Id*.

TWC moves to dismiss the entire claim on the basis of Eleventh Amendment sovereign immunity as an arm of the State of Texas or, in the alternative, that Jones has failed to state a claim upon which relief can be granted. PSI moves to dismiss all of Jones's complaint except for count

---

[2] In her response to the magistrate judge's Questionnaire, Plaintiff provided answers to questions and attached several documents. Plaintiff's Inquiry is not paginated, so the court cites to the specific document attached or to Plaintiff's responses to the magistrate judge's questions.

**Memorandum Opinion and Order - Page 2**

one, the alleged violation of the ADEA, on the grounds that Jones has failed to state a claim upon which relief can be granted. Jones answered the motions by filing both a response ("Response") and "A Challenge to Jurisdiction" ("Challenge") regarding TWC's Eleventh Amendment defense. In her Response, Jones contends that Defendants "conspired together" to prevent her from being hired. Resp. 3. In her Challenge, Jones contends that TWC does not enjoy sovereign immunity because her manager, Larry Jefferson ("Jefferson"), was employed by a private entity under the "umbrella" of TWC. Challenge 1-2.

## II.     Legal Standards

### A.     Motion to Dismiss

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint

and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id*. (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey*, 117 F.3d at 247. A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B. Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing

*Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).  A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991).  Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record.  *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).  All factual allegations of the complaint, however, must be accepted as true.  *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

**III.   Analysis**

Because Plaintiff is a *pro se* litigant, the court liberally construes her complaint and does not hold it to the same stringent standards as those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  In light of this standard, the Questionnaire that she answered for the magistrate judge may be used to construe factual allegations that are otherwise absent in the Complaint itself. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (reaffirming use of questionnaire as useful and proper means for court to develop factual basis of

**Memorandum Opinion and Order - Page 5**

*pro se* plaintiff's complaint); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint). Thus, the court considers the factual allegations in Jones's Inquiry as part of her Complaint.

   A.   **PSI's Motion to Dismiss**

PSI argues that Jones fails to state a claim upon which relief can be granted in counts two through eight of the Complaint.[3] The court addresses the sufficiency of Jones's Complaint.

   1.   **Defamation**

In Texas, a plaintiff who alleges defamation must show that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement. *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998) (citing *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)).

The extent of Jones's defamation claim against PSI is that PSI allegedly made a defamatory statement in interview notes when it noted that Jones might be "too nurturing to effectively assist clients" following her interview for the job. Resp. item 4. Jones contends that this statement is defamatory.[4] The court concludes that Jones's claim regarding this statement does not meet the required elements of defamation. To begin, Jones has failed to properly allege that PSI's interview

---

[3]Although PSI initially moved on all eight claims in the Complaint, PSI withdrew its motion with respect to plaintiff's ADEA claim. PSI Reply ¶ 1.

[4]Although Jones mentions other items in her Response, such as unacceptable attendance records and a defamatory e-mail sent by Jefferson, she does not allege that PSI published these statements.

**Memorandum Opinion and Order - Page 6**

notes describing her as "too nurturing" were published and, if the notes were published, how these statements have damaged her character or reputation. In addition, even if Jones's being said to be "too nurturing" is somehow damaging, Jones has not alleged that such a statement was, in fact, false. Furthermore, there is no indication of or allegation in the record of actual malice or negligence on the part of PSI when it wrote that Jones was "too nurturing." The court therefore finds that Jones has failed to assert facts that sufficiently establish a defamation claim and, accordingly, count two of the Complaint must be dismissed.

### 2. Intentional Infliction of Emotional Distress

Jones alleges intentional infliction of emotional distress ("IIED") against PSI in her Complaint, and her Response makes clear that the basis for this claim is PSI's alleged intentional discrimination against her. To establish a claim for IIED, a plaintiff must prove that (1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the defendant's action(s) caused the plaintiff mental distress, and (4) the mental distress was severe. *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993). Extreme and outrageous conduct is that which is so extreme in degree, and so outrageous in character, as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. *Webster v. Bass Enters. Prod. Co.*, 192 F. Supp. 2d 684, 697 (N.D. Tex. 2002) (citing *Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex. 1993)). "Only in the most unusual of employment cases does the conduct move out of the realm of an ordinary employment dispute and into the classification of extreme and outrageous as required for the tort of intentional infliction of emotional distress." *Porterfield v. Galen Hosp. Corp.*, 948 S.W.2d 916, 920-21 (Tex. App.–San Antonio 1997, writ denied) (internal quotations omitted). "[M]ere employment disputes" do not support a claim for IIED. *MacArthur*

**Memorandum Opinion and Order - Page 7**

*v. Univ. of Tex. Health Ctr. at Tyler*, 45 F.3d 890, 898 (5th Cir. 1995) (citing *Johnson v. Merrell Dow Pharm., Inc.*, 965 F.2d 31, 33 (5th Cir. 1992)).

In her Inquiry, Jones has not set forth any conduct by PSI that could reasonably be construed as extreme and outrageous or as anything more than a "mere employment dispute." Jones's IIED claim is based entirely upon the same factual allegations underlying her ADEA claim of intentional discrimination. The court therefore concludes that Jones's intentional discrimination claim cannot give rise to a separate IIED claim. *See Johnson v. Blue Cross/Blue Shield of Tex.*, 375 F. Supp. 2d 545, 549-50 (N.D. Tex. 2005) (making a similar finding regarding IIED, Title VII, and ADEA claims). Accordingly, count three of the Complaint must be dismissed.

### 3.     Abuse of Qualified Privileges

Plaintiff's fourth count is styled "abuse of qualified privileges." PSI argues that this is not an existing legal remedy recognized by Texas or federal law. After conducting its own research and finding no Texas or federal authority that recognizes "abuse of qualified privileges" as a valid claim, the court agrees with PSI. Jones also fails to clarify or explain this claim in her Response. Because "abuse of qualified privileges" is not an existing legal remedy recognized under Texas or federal law, count four of the Complaint must be dismissed.

### 4.     Retaliation

PSI argues that Jones is barred from asserting a retaliation claim because she did not raise such a claim in her original charge to the Equal Employment Opportunity Commission ("EEOC"). PSI Reply ¶ 3. The court does not agree that Plaintiff's failure to file a retaliation claim with the EEOC from the outset is a bar to filing a retaliation claim now. *See Gupta v. East Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981) (holding that a plaintiff may urge a retaliation claim that arises

**Memorandum Opinion and Order - Page 8**

out of an earlier charge). The court therefore allows Jones the opportunity to present a prima facie case of unlawful retaliation.

A plaintiff establishes a prima facie case of unlawful retaliation by proving (1) that she engaged in protected activity, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action. *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 n.8 (5th Cir. 1998) (citing *Long v. Eastfield Coll.*, 88 F.3d 300, 305 n.4 (5th Cir. 1996)). In her Response, Jones contends that she engaged in protected activity by filing her EEOC charge after she learned that PSI did not hire her.[5] Resp. 3. She further alleges that adverse employment action resulted in the form of Defendants "conspir[ing] together not to hire Plaintiff for the job." *Id*. Jones concludes that a "causal connection" existed between the adverse employment action and her protected activity. *Id.* at 4. The court rejects Plaintiff's conclusion.

Jones states in her Inquiry that she was "not hired [by PSI] on or about March 31, 2006." Inquiry (EEOC form). Her EEOC charge is dated and sworn April 19, 2006. *Id*. Plaintiff alleges that PSI decided not to hire her before she filed the EEOC charge. *Id*. PSI could not have retaliated against Jones for filing an EEOC charge by not hiring her when its decision to not hire her occurred nearly three weeks before she filed the EEOC charge. Accordingly, Jones has failed to establish a prima facie case for unlawful retaliation. Count five of Jones's Complaint must be dismissed.

### 5. Gross Management

PSI argues that "gross management" is not a legitimate legal claim recognized under Texas or federal law. Jones did not rebut this assertion in her Response, and the court agrees with PSI.

---

[5] Although Jones also contends that her request for an office transfer was protected activity, this request dealt specifically with Jefferson and TWC. Thus, the court only considers Jones's filing of the EEOC charge as the protected activity here, as it is Jones's only contention regarding PSI's alleged unlawful retaliation.

**Memorandum Opinion and Order - Page 9**

"Gross management" is a vague phrase and the court knows of no applicable authority that sets forth the required elements of such a claim. Jones has not pled any factual allegations other than that, though qualified, she did not receive a job offer from PSI. Because Jones has failed to make factual allegations showing exactly how PSI caused her harm through gross management or misconduct, and because "gross management" is a claim not recognized by Texas or federal law, count six of the Complaint must be dismissed.

### 6. Quantitative Matters Not Referenced

PSI argues that count seven must be dismissed because it is not a legally recognized claim under Texas or federal law. Because the court knows of no applicable Texas or federal authority that recognizes such a claim, and can find none through its own research, it agrees with PSI. In addition, Jones has failed to clarify or explain her "quantitative matters not referenced" claim in her Response. As such, the court will dismiss count seven of the Complaint.

### 7. Unlawful Employment Practices

The court recognizes "unlawful employment practices" as a catch-all phrase to describe certain types of claims asserted under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the ADEA, and similar acts. Although the phrase does not constitute a valid claim in itself that is recognized by Texas or federal law, the court must liberally construe the pleading because Jones is a *pro se* plaintiff.

In her Inquiry, Jones has specifically alleged that she is a victim of age discrimination under the ADEA. Inquiry (Resp. to Question No. 4). Jones has not alleged any other facts that would entitle her to relief for "unlawful employment practices" under any other theory of employment discrimination. Her "unlawful employment practices" claim simply restates the essence of count

one: her ADEA violation claim. Because the court finds that count eight of the Complaint is simply a restatement of count one, and finds that count eight does not seek any additional relief, the court will dismiss count eight, and **grant** PSI's Motion to Dismiss.

### B.     TWC's Motion to Dismiss

TWC argues that it is immune from suit for monetary relief under the Eleventh Amendment as an arm of the State of Texas. The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens of Subjects of any Foreign State." U.S. Const. amend. XI. "[T]he reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Southwestern Bell Tel. Co. v. City of El Paso*, 243 F.3d 936, 937 (5th Cir. 2001) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

"The Texas Workforce Commission is a state agency established to operate an integrated workforce development system in this state [of Texas] . . . ." Tex. Lab. Code Ann. § 301.001 (Vernon 2006). This statute strongly indicates that TWC is an arm or instrumentality of the State of Texas. Furthermore, it is well settled that state agencies enjoy Eleventh Amendment protection as an arm or instrumentality of the State. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (Eleventh Amendment bars suits against state agencies by state's citizens unless the state waives sovereign immunity or Congress, pursuant to section five of the Fourteenth Amendment, intentionally abrogates immunity).

Jones does not dispute that TWC is an arm or instrumentality of the State; she merely argues in her Challenge that Eleventh Amendment immunity has limits. Challenge 2. As Jones does not contest this, the detailed analysis that is normally conducted in determining whether an entity is an arm or instrumentality of the State is unnecessary.[6] Sovereign immunity, nevertheless, is limited insofar as that it is inapplicable where one of the following is present: "waiver [by the state] or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment." *Texas v. Walker*, 142 F.3d 813, 820 (5th Cir. 1998) (citing U.S. Const. amend XI; *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 56-58 (1996)).

Here, there is no indication that the State has waived its sovereign immunity for federal claims. Jones brings an ADEA violation claim and a retaliation claim under the ADEA. Congress cannot abrogate Eleventh Amendment immunity through the ADEA. *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 66 (2000) (holding that, although the ADEA contained a clear statement of Congressional intent to abrogate states' sovereign immunity, such abrogation exceeded Congress's authority under section five of the Fourteenth Amendment).

Jones's tort claims of defamation and IIED proceed under Texas law, and sovereign immunity is also applicable to them. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (Vernon 2005) (stating that the State of Texas does not waive sovereign immunity for intentional tort claims).

---

[6]As articulated by the Fifth Circuit Court of Appeals:

> These factors include (1) whether the state statutes and case law view the entity as an arm of the state; (2) the source of the entity's funding; (3) the entity's degree of local autonomy; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has the authority to sue and be sued in its own name; and (6) whether it has the right to hold and use property.

*Southwestern Bell Tel.*, 243 F.3d at 938 (citation omitted).

**Memorandum Opinion and Order - Page 12**

...

Defamation and IIED are both intentional torts for which sovereign immunity is not waived. *See Gillum v. City of Kerrville*, 3 F.3d 117, 122-23 (5th Cir. 1993) (holding that sovereign immunity is not waived when the claim arises out of an intentional tort, such as defamation or IIED). Jones's other claims, including "abuse of qualified privileges," "gross management," "quantitative matters not referenced," and "unlawful employment practices," are not recognized as legitimate causes of action under Texas or federal law and, as discussed in the previous section, are dismissed for failure to state a claim.

In her Challenge, Jones argues that TWC does not enjoy Eleventh Amendment immunity because her manager, state employee Larry Jefferson, works for WorkSource for Dallas County ("WorkSource"), a private entity and subdivision under the umbrella of TWC. Challenge 1-2. In addition, Jones cites *Ex Parte Young* as authority that enables her to seek monetary relief against Jefferson. *Id.* at 2. In *Ex Parte Young,* the Court allowed an exception to sovereign immunity when the plaintiff brought suit against a government official seeking injunctive relief. 209 U.S. 123, 128 (1908). Jones's situation here is distinguishable because, unlike the plaintiff in *Ex Parte Young*, Jones does not seek injunctive relief. Instead, Jones seeks "punitive damages, mental anguish, compensatory damages, and back pay & future pay." Inquiry (Resp. to Question No. 5). To properly meet the *Ex Parte Young* exception, "a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and *the relief sought must be declaratory or injunctive in nature and prospective in effect*." *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) (citing *Saltz v. Tenn. Dep't of Employment Sec.*, 976 F.2d 966, 968 (5th Cir.1992)) (emphasis added). Because Jones is suing the

entity TWC, and not an individual person, and because Jones seeks monetary damages as opposed to declaratory or injunctive relief, the *Ex Parte Young* exception does not apply to her claims.

Furthermore, although Jones references Jefferson as the object of her claims against TWC in her Inquiry and her Challenge, she has not named Jefferson as a defendant in her Complaint. Additionally, Jones's pleadings are inconsistent regarding Jefferson's employer. In her Challenge, she refers to Jefferson as a "state employee . . . employed by WorkSource for Dallas County," but refers to Jefferson as a "TWC employee" in her Inquiry and describes an employment relationship between Jefferson and TWC in her Response. Challenge 1; Inquiry (Resp. to Question No. 4); Resp. 7. Given these inconsistencies, the court finds that if Jefferson is indeed employed by WorkSource, then Jones's claims against TWC should be dismissed because she has not sued Jefferson or WorkSource. If, on the other hand, Jefferson is employed by TWC, then Jones's claims are barred due to TWC's sovereign immunity.

Because the court finds that TWC enjoys sovereign immunity, it has no subject matter jurisdiction over this action regarding Plaintiff's ADEA, retaliation, IIED, and defamation claims, and must dismiss them pursuant to Rule 12(b)(1). Plaintiff's other claims against TWC are claims not recognized under Texas or federal law and therefore must be dismissed pursuant to Rule 12(b)(6). Accordingly, the court **grants** TWC's Motion to Dismiss.

**IV.     Conclusion**

Although Jones has not sought leave to amend her Complaint, the court should freely give a complainant, especially a *pro se* complainant, leave to amend defective allegations in a pleading. *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 103 (5th Cir. 1995) (citing *Watkins v. Lujan*, 922 F.2d 261, 264 (5th Cir. 1991)). Thus, the appropriate remedy when granting a motion based on

nonconforming or deficient pleadings is to grant the complainant time in which to amend the complaint. *McClellon*, 66 F.3d at 103. The decision to allow amendment of the pleadings, however, is within the sound discretion of the district court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). In determining whether to allow an amendment of the pleadings, the court considers the following: undue delay in the proceedings, undue prejudice to the opposing parties, timelines of the amendment, and futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1163 (5th Cir. 1982).

Jones has stated her best case after two bites at the apple. Namely, she filed her original complaint and also had the opportunity to effectively amend her Complaint by responding to the magistrate judge's Questionnaire and attaching documents to her response. The court, liberally construing all of the allegations made by Plaintiff, has determined that granting Jones leave to amend would be futile: four of her claims are not recognized under Texas or federal law, and her remaining claims either run into sovereign immunity barriers or lack sufficient factual allegations that could reasonably give rise to the required elements of her claims. "At some point, a court must decide that a plaintiff has had fair opportunity to make [her] case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986). The court believes that permitting amendment would be futile and cause undue delay.

For the reasons stated herein, the court **grants** TWC's Motion to Dismiss and **dismisses** all of Plaintiff's claims against TWC. The court also **grants** PSI's Motion to Dismiss and **dismisses** Plaintiff's claims for defamation, IIED, "abuse of qualified privileges," retaliation, "gross

**Memorandum Opinion and Order - Page 15**

management," "quantitative matters not referenced," and "unlawful employment practices." Plaintiff's ADEA violation claim against PSI **remains** for disposition.

    **It is so ordered** this 21st day of June, 2007.

                                                                    Sam A. Lindsay
                                                                    United States District Judge